## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## MOBILE DIVISION

| | |
|---|---|
| THE MEDICAL PROTECTIVE COMPANY, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) No.: ) |
| CRAFTON CHIROPRACTIC, INC., KATHERINE CRAFTON, DOUG JOHNSON, and EMILY JOHNSON, as personal representative of the estate of Patricia Johnson | ) ) ) ) ) ) |
| Defendants. | ) ) |

## COMPLAINT FOR DECLARATORY JUDGMENT

The Medical Protective Company (MedPro) files this Complaint for Declaratory Judgment against Crafton Chiropractic, Inc., Katherine Crafton (collectively, the Crafton Defendants), Doug Johnson, and Emily Johnson, as personal representative of the estate of Patricia Johnson (collectively, the Johnson Defendants). MedPro respectfully alleges and avers upon information and belief as follows:

## NATURE OF THE ACTION

1. This is an action for declaratory judgment pursuant to Federal Rule of Civil Procedure 57 and 28 U.S.C. Section 2201, to determine an actual case or controversy between MedPro, the Crafton Defendants, and the Johnson Defendants regarding the parties' rights and obligations with respect to Healthcare Professional Liability Policy No. 815125 issued by MedPro to Crafton Chiropractic, Inc. for the period December 10, 2018 to December 10, 2019 (the Policy).

2. MedPro seeks a judgment declaring it has no duty to pay any insurance proceeds to the Crafton Defendants or the Johnson Defendants under the Policy in connection with the Underlying Lawsuit as described below.

## PARTIES, JURISDICTION, AND VENUE

3. Plaintiff MedPro is an insurance company incorporated in Indiana with its principal place of business in Indiana.

4. Defendant Crafton Chiropractic, Inc. is incorporated in Alabama with its principal place of business in Alabama.

5. Defendant Katherine Crafton is a citizen of Alabama.

6. Defendant Doug Johnson is a citizen of Alabama.

7. Defendant Emily Johnson, as personal representative of the estate of Patricia Johnson, is a citizen of Alabama.

8. This Court has jurisdiction over this declaratory judgment action pursuant to 28 U.S.C. Section 1332 because the amount in controversy exceeds $75,000 and there is complete diversity of citizenship between MedPro and all Defendants.

9. Venue is proper in this Court under 28 U.S.C. Section 1391 in that the events giving rise to the dispute occurred in this district.

## GENERAL ALLEGATIONS

10. Exhibits A through D referenced herein are attached and fully incorporated into this Complaint.

11. On January 18, 2019, Doug Johnson filed a lawsuit against the Crafton Defendants in the Circuit Court of Mobile County, Alabama, Case No. 02-CV-2019-900178 (the Underlying Lawsuit).[1]

12. A First Amended Complaint was filed adding Emily Johnson, as personal representative for the estate of Patricia Johnson, as a plaintiff on May 4, 2020.[2]

13. MedPro is defending the Crafton Defendants in the Underlying Lawsuit, subject to a reservation of rights.

14. The Johnson Defendants allege in the Underlying Lawsuit that Patty Johnson, Doug Johnson's wife and Emily Johnson's mother, was diagnosed with a recurrence of breast cancer in November 2017.[3] Patty and Doug Johnson allegedly met with the Crafton Defendants as part of search for cancer treatment options.[4]

15. The Johnson Defendants contend that "Katherine Crafton falsely represented to the Johnsons that she could cure Patty's breast cancer through alternative therapies that, unbeknownst to the Johnsons, are commonly referred to in the medical community as 'quackery.'"[5] The Johnson Defendants allege that "Katherine Crafton told Patty and Doug that Crafton Chiropractic's 'cancer protocol' was far less expensive than traditional medical treatment" and that "she had a 100% success rate in curing cancer."[6]

16. The Complaint in the Underlying Lawsuit states that the Crafton Defendants' purported cancer treatments were provided through Crafton Chiropractic's "Health Patient Program."[7] The Health Patient Program "is separate and distinct from [Crafton Chiropractic's]

---

[1] Exhibit A, Complaint.
[2] Exhibit B, First Amended Complaint (FAC).
[3] Exhibit B, FAC ¶11.
[4] Exhibit B, FAC ¶¶12-14.
[5] Exhibit B, FAC ¶1.
[6] Exhibit B, FAC ¶14.
[7] Exhibit B, FAC ¶7.

chiropractic practice."[8] The Johnson Defendants quote the Crafton Defendants' website, which states the Health Patient Program "is kept distinct from the professional business as these health activities can be offered totally outside any profession."[9] The Complaint refers to other sections of the Crafton Defendants' website to support the Johnson Defendants' allegations that "Crafton Chiropractic's Health Patient Program is separate and distinct from its chiropractic services, is a non-governed health activity, requires no specialized education, and can be administered by non-professionals."[10]

17. The Johnson Defendants allege that Patty and Doug Johnson opted to participate in the Health Patient Program, which included the use non-traditional treatment modalities and approximately 25 types of supplements.[11]

18. The Crafton Defendants allegedly treated Patty through the Health Patient Program between January 2018 and April 2018. Patty's condition progressively worsened during this timeframe, but Katherine Crafton allegedly told the Johnsons that Patty was "experiencing a 'healing crisis' and that an April 2018 "ZYTO scan" "indicated that Patty was cancer free."[12] April 2018 blood tests confirmed that Patty's cancer had worsened, and she "died from breast cancer on May 5, 2018."[13]

19. There are seven causes of action against the Crafton Defendants: (1) intentional misrepresentation; (2) reckless misrepresentation; (3) negligent misrepresentation; (4) fraudulent suppression; (5) breach of contract; (6) breach of warranty, and (7) wrongful death.

---

[8] Exhibit B, FAC ¶8.
[9] Exhibit B, FAC ¶8.
[10] Exhibit B, FAC ¶¶ 8-9.
[11] Exhibit B, FAC ¶¶ 15-16.
[12] Exhibit B, FAC ¶¶ 18-20.
[13] Exhibit B, Complaint ¶ 21.

# THE POLICY

**A.    The Policy Does Not Afford Coverage for the Underlying Lawsuit Because the Crafton Defendants Cannot Satisfy the Definition of Professional Services.**

20. The Professional Liability Insuring Agreement of the Policy provides, in part, that MedPro "shall pay those amounts an Insured is legally obligated to pay to compensate others for damages resulting from an Insured's wrongful act in the rendering of, or failure to render, professional services as a Healthcare Professional that results in injury."[14]

21. The Policy defines "professional services" to include "peer review and medical treatment for those specialties listed on the Declarations or any other services listed, by endorsement, for which an Insured is licensed as required by law, trained, and qualified to perform in the Insured's capacity as a Healthcare Professional."[15] The Declarations Page of the Policy contains a "Professional Services Specialty" section, which states "See Schedule of Insureds."[16] The only specialty listed in the Healthcare Professional Schedule of Insureds Endorsement is "Chiropractor."[17]

22. Both the Underlying Lawsuit and the Crafton Defendants' website indicate that the Crafton Defendants' Health Patient Program in which Patty Johnson enrolled is "kept distinct from the professional business" of the Crafton Defendants' chiropractic practice.[18]

23. The Policy does not afford coverage for the damages sought in the Underlying Lawsuit as they do not constitute damages caused by "Chiropractor" professional services.

---

[14] Exhibit C, Policy, Section I.A. The Policy contains seven other Insuring Agreements that do not appear to be relevant to this lawsuit. MedPro reserves all rights under those Insuring Agreements to the extent the Crafton Defendants seek coverage under those provisions.
[15] Exhibit C, Policy, Section XII.X.
[16] Exhibit C, Policy, Declarations.
[17] Exhibit C, Policy, Healthcare Professional Schedule of Insureds Endorsement.
[18] Exhibit B, FAC ¶¶ 8-9.

B. **Exclusion VI.A. Excludes Coverage for the Crafton Defendants for Claims Asserted in the Underlying Lawsuit.**

24. Exclusion VI.A. excludes coverage for claims and suits "[a]rising out of an Insured's dishonest, fraudulent, criminal or malicious act, error or omission."[19]

25. The Johnson Defendants allege that the Crafton Defendants "falsely represented to Doug and Patty Johnson that they could cure Patty Johnson's breast cancer" while knowing "that they could not cure Patty Johnson's breast cancer when they made this representation…."[20] These allegations are not covered based on Exclusion VI.A.

C. **Exclusion VI.G. Excludes Coverage for the Crafton Defendants for Claims Asserted in the Underlying Lawsuit.**

26. Exclusion VI.G. excludes coverage for claims and suits "[a]rising out of a wrongful act, event, or personal injury offense in which an Insured expected or intended injury or damage, regardless of whether the Insured intended the specific injury or damage sustained."[21]

27. The Johnson Defendants allege that the Crafton Defendants enrolled Patty Johnson in the Health Patient Program despite knowing "that they could not cure Patty Johnson's breast cancer…."[22]

28. These allegations are not covered based on Exclusion VI.G.

D. **Exclusion VI.M. Excludes Coverage for the Crafton Defendants for Claims Asserted in the Underlying Lawsuit.**

29. Exclusion VI.M. excludes coverage for claims and suits "[a]rising out of any business relationship outside of an Insured's provision of professional services to any past or present patient or client."[23]

---

[19] Exhibit C, Policy, Section VI.A.
[20] Exhibit B, FAC ¶ 22.
[21] Exhibit C, Policy, Section VI.G.
[22] Exhibit B, FAC ¶ 22.
[23] Exhibit C, Policy, Section VI.M.

30. "Chiropractor" is the only specialty listed in the Healthcare Professional Schedule of Insureds Endorsement, which determines what constitutes "professional services" under the Policy.[24]

31. Both the Underlying Lawsuit and the Crafton Defendants' website indicate that the Crafton Defendants' Health Patient Program in which Patty Johnson enrolled is "kept distinct from the professional business" of the Crafton Defendants' chiropractic practice.[25]

32. Exclusion VI.M. excludes coverage for damages sought in the Underlying Lawsuit was they do not constitute damages caused by "Chiropractor" professional services.

### E. Exclusion VI.O. Excludes Coverage for the Crafton Defendants for the Claims Asserted in the Underlying Lawsuit.

33. Exclusion VI.O. excludes coverage for claims and suits "[a]rising out of any wrongful act(s) committed with your knowledge that it was a wrongful act."[26]

34. The Johnson Defendants allege that the Crafton Defendants enrolled Patty Johnson in the Health Patient Program despite knowing "that they could not cure Patty Johnson's breast cancer…."[27]

35. These allegations are not covered based on Exclusion VI.O.

### F. Exclusion VI.P. Excludes Coverage for the Crafton Defendants for the Claims Asserted in the Underlying Lawsuit.

36. Exclusion VI.P. excludes coverage for claims and suits "[a]rising out of any wrongful act for any services for which an Insured did not have authorization to provide such services due to suspension, revocation, surrender, restriction of, or failure to obtain the proper professional

---

[24] Exhibit C, Policy, Healthcare Professional Schedule of Insureds Endorsement.
[25] Exhibit B, FAC ¶¶ 8-9.
[26] Exhibit C, Policy, Section VI.O.
[27] Exhibit B, FAC ¶ 22.

license, certification or authorization required by law in the state or locality at the time of providing such services."[28]

37. Both the Underlying Lawsuit and the Crafton Defendants' website indicate that the Crafton Defendants' Health Patient Program in which Patty Johnson enrolled is a non-governed health activity, requires no specialized education, and can be administered by non-professionals.[29]

38. Exclusion VI.P. excludes coverage under the Policy in the event the Crafton Defendants improperly treated Patty Johnson under their Health Patient Program without proper authorization for any of the reasons described in Exclusion VI.P.

**G.     Exclusion VI.T. Limits Coverage for the Crafton Defendants for the Claims Asserted in the Underlying Lawsuit.**

39. Exclusion VI.T. provides that, to the extent permitted by law, MedPro "shall pay up to $25,000 in punitive, exemplary or multiplied damages as part of, and not in addition to, the Limits of Insurance provided by this Policy."[30]

40. Notwithstanding the additional coverage issues under the Policy, Exclusion VI.T. excludes coverage for any recovery of punitive, exemplary, or multiplied damages in excess of $25,000.

**H.     Exclusion VI.X. Excludes Coverage for the Crafton Defendants for the Claims Asserted in the Underlying Lawsuit.**

41. Exclusion VI.X. excludes coverage for claims and suits "[a]rising out of the performance of any professional services, business, or profession other than those listed on the Declarations."[31]

---

[28] Exhibit C, Policy, Section VI.P.
[29] Exhibit B, FAC ¶¶ 8-9.
[30] Exhibit C, Policy, Section VI.T.
[31] Exhibit C, Policy, Section VI.X.

42. Both the Underlying Lawsuit and the Crafton Defendants' website indicate that the Crafton Defendants' Health Patient Program in which Patty Johnson enrolled is "kept distinct from the professional business" of the Crafton Defendants' chiropractic practice.[32]

43. The Policy does not provide coverage to the extent the services for which the Johnson Defendants seek damages constitute "professional services, [a] business, or [a] profession other than" the "Chiropractor" professional services described in the Declarations and in the Healthcare Professional Schedule of Insureds Endorsement.

I. **Material Misrepresentations and Omissions Further Limit Coverage Under the Policy.**

44. The Representations section of the Policy provides, in part, that "[b]y acceptance of this Policy, each Insured agrees that the statements in any application and attachments submitted to the Company are true and correct…Therefore, it is understood and agreed that, to the extent permitted by law, the Company reserves the right to rescind this Policy, or any coverage provided herein, for any material misrepresentation made by any Insured or its agent."[33]

45. The Representations section of the Policy further provides that "[t]he representations made by each Insured in the applications and attachments are the basis for the coverage provided, as well as the Company's calculation of the applicable premium. As a result, each Insured agrees to inform the Company of any changes to his or her practice. Such material changes shall include, but are not limited to: 1. A specialty, procedure performed or training."[34]

46. The Representations section continues by providing "[i]t is understood and agreed that the statements made in any Insured's application are incorporated into, and shall form a part of, this Policy. Therefore, this Policy, any endorsements attached thereto, and the applications

---

[32] Exhibit B, FAC ¶¶ 8-9.
[33] Exhibit C, Policy, Section IX.P.
[34] Exhibit C, Policy, Section IX.P.

embody all agreements between all Insureds and the Company, or any of its authorized representatives, relating to this insurance."[35]

47. MedPro issued the Policy based on the Crafton Defendants' representations in MedPro's Healthcare Professional Liability Insurance Application (the Application).[36] Included in the Application is a Chiropractic Supplemental Application form that requested additional information regarding the Crafton Defendants' chiropractic business.[37]

48. MedPro specifically requested the number of persons providing certain types of specialty services on behalf of the Crafton Defendants. The Chiropractic Supplemental Application states that a single person performs "chiropractor" services at the Crafton Defendants' office.[38] The Crafton Defendants did not disclose any other specialties that are performed by the Crafton Defendants or any of their employees, including but not limited to "Dietician/Nutritionist," "Physician, MD/DO," and/or "Other."[39]

49. Both the Underlying Lawsuit and the Crafton Defendants' website indicate that the Crafton Defendants' Health Patient Program in which Patty Johnson enrolled is "kept distinct from the professional business" of the Crafton Defendants' chiropractic practice.[40]

50. Pursuant to both the Policy and Alabama Code § 27-14-7, MedPro is entitled to rescind the Policy and to disclaim coverage for the Underlying Lawsuit to the extent the Crafton Defendants made material misrepresentations and/or omissions in the Application and/or failed to inform MedPro of any changes to their practice as required by the Representations section of the Policy.

---

[35] Exhibit C, Policy, Section IX.P.
[36] Exhibit D, Application.
[37] Exhibit D, Application, p. 9.
[38] Exhibit D, Application, p. 9.
[39] Exhibit D, Application, p. 9.
[40] Exhibit B, FAC ¶¶ 8-9.

## DECLARATORY RELIEF

51. The allegations of Paragraphs 1-50 are incorporated by reference herein.

52. An actual, present, and existing controversy has arisen between MedPro, the Crafton Defendants, and the Johnson Defendants with respect to MedPro's obligations, if any, under the Policy.

53. MedPro seeks a judicial declaration of its rights and duties to the Crafton Defendants, if any, under the Policy.

54. MedPro seeks a declaration that the Crafton Defendants were not performing "professional services" in their treatment of Patty Johnson.

55. MedPro seeks a declaration that Exclusions VI.A., VI.G., VI.M., VI.O., VI.P., VI.T., and VI.X. exclude and/or limit for the claims asserted in the Underlying Lawsuit.

56. MedPro seeks a declaration that if material misrepresentations and omissions were made in the Application and/or if the Crafton Defendants failed "to inform [MedPro] of any changes to [their] practice," then MedPro is entitled to a declaration of no coverage.

57. MedPro further seeks a declaration that it be permitted to withdraw from the defense of the Crafton Defendants in the Underlying Lawsuit.

58. In addition to the Policy provisions addressed herein, MedPro pleads all other conditions, terms, warranties, limits, definitions, and exclusions of the Policy that also may apply to the claims asserted in the Underlying Lawsuit. MedPro reserves the right to amend its Complaint for Declaratory Judgment as additional and/or more specific information becomes available.

**WHEREFORE**, for the foregoing reasons, MedPro respectfully requests that this Court enter a judgment declaring the rights, status, and obligations of the parties under the Policy,

including a declaration that the Policy does not afford coverage to the Crafton Defendants and the Johnson Defendants and that MedPro may withdraw from the defense of the Crafton Defendants in the Underlying Lawsuit.

Dated this 19th day of August, 2020.

/s/ Stephen E. Whitehead
Stephen E. Whitehead – asb-2282-t68s
Jennifer W. Wall asb-7964-e67w
Brett Chessin asb-6064-g27t
LLOYD, GRAY, WHITEHEAD & MONROE, P.C.
880 Montclair Road, Suite 100
Birmingham, Alabama 35213
(205) 967-8822
(205) 967-2380 (Fax)

*Attorneys for The Medical Protective Company*

**PLESE SERVE THE DEFENDANTS BY CERTIFIED MAIL AS FOLLOWS:**

**CRAFTON CHIROPRACTIC, INC.**
C/O Katherine B. Crafton, Registered Agent
28810 US Hwy 98, Suite A
Daphne, AL  36526

**CRAFTON CHIROPRACTIC, INC.**
c/o Katherine B. Crafton
5440 Zeigler Blvd.
Mobile, AL 36608

**KATHERINE CRAFTON**
Crafton Chiropractic, Inc.
5440 Zeigler Blvd.
Mobile, AL  36608

**DOUG JOHNSON**
3576 Pepper Ridge Drive
Mobile, AL  36693-2555

**EMILY JOHNSON**
101 Foreman Road, Apt. A68
Mobile, AL  36608-6207