IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| THE MEDICAL PROTECTIVE COMPANY, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) CIVIL ACTION NO. 20-00414-KD-B ) |
| CRAFTON CHIROPRACTIC, *et al.*, | ) ) |
| Defendants. | ) ) |

## ORDER

This action is before the Court on the Motion for Leave to Amend Answer filed by Defendants Crafton Chiropractic, Inc. and Katherine Crafton (doc. 25). Plaintiff The Medical Protective Company was given an opportunity to respond by February 1, 2021 but did not file a response (doc. 28). Upon consideration and for the reasons set forth herein, the motion is GRANTED.

Defendants seek leave to amend their answer to remove their Second Affirmative Defense based on factual issues regarding delivery of the MedPro Policy and to add an Eighth Affirmative Defense. Specifically, Defendants assert that Plaintiff owes defense and indemnity in the underlying lawsuit because the MedPro Policy provides coverage for healthcare professional premises liability in addition to coverage for professional liability (doc. 25).

Rule 15(a) of the Federal Rules of Civil Procedure governs amendments to pleadings. At this stage in the litigation, Rule 15(a)(2) applies. Absent Plaintiff's written consent, the Rule instructs the district court that it "should freely give leave" to amend a pleading "when justice so requires." Fed. R. Civ. P. 15(a)(2). Therefore, "unless a substantial reason exists to deny leave to amend, the discretion of the district court is not broad enough to permit denial[.]" City of Miami v. Bank of America Corp., 800 F.3d 1262, 1286 (11th Cir. 2015) (citation omitted); Laurie v. Ala. Ct. of Crim. App., 256 F.3d 1266, 1274 (11th Cir. 2001) (explaining that overall "there must

be a substantial reason to deny a motion to amend."). The district court "may consider several factors when deciding whether to grant a motion to amend, including 'undue delay, bad faith or dilatory motive [on the part of the movant], repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." Perez v. Wells Fargo N.A., 774 F.3d 1329, 1340–1341 (11th Cir. 2014) (citing Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc., 556 F.3d 1232, 1241 (11th Cir.2009) (quoting Foman v. Davis, 371 U.S. 178, 182, 83 S. Ct. 227, 230 (1962)); Donley v. City of Morrow, Georgia, 601 Fed. Appx. 805, 810 (11th Cir. 2015) (same).

Upon review, the Court finds the motion is timely and there is no undue delay. The Magistrate Judge has not entered a Rule 16(b) Scheduling Order; therefore, the deadlines for amendments to pleadings and discovery have not been set. Thus, Plaintiff will have sufficient time to conduct discovery with regard to the amendments to the answer and would not be unduly prejudiced by allowing Defendants to withdraw an affirmative defense and assert a different affirmative defense. Also, review of the docket indicates that Defendants have not engaged in bad faith or dilatory motive, nor have they repeatedly failed to cure deficiencies in prior pleadings. Additionally, Plaintiff was given an opportunity to respond, at which time it could have asserted the futility of the amendment but did not respond. For these reasons, the interests of justice weigh in favor of granting the motion for leave to amend.

**DONE** and **ORDERED** this 8th day of February 2021.

    s / Kristi K DuBose
KRISTI K. DuBOSE
**CHIEF UNITED STATES DISTRICT JUDGE**